UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Pat Gitler,                                              Case No.   3:20-cv-1386

          Plaintiff

    v.                                               MEMORANDUM OPINION
                                         AND ORDER
Ohio EPA, *et al.*,

          Defendants


**Background**

    *Pro se* plaintiff Pat Gitler ("plaintiff") has filed a complaint against Ohio Environmental

Protection Agency ("Ohio EPA") Amy Klei, and Assistant Ohio Attorneys General Amber

Wootton- Hertlein and Nicole Candelora-Norman (collectively, the "defendants").   (Doc. No. 1.)

Although her 75-page complaint is unclear and difficult parse, it clearly pertains to a state

enforcement action brought against her and Mel Gitler – co-owners of the Peaceful Acres Mobile

Home Park located in Lucas County, Ohio – by the Ohio Attorney General in the Lucas County

Court of Common Pleas in 2000.   *See State of Ohio ex rel. Betty D. Montgomery v. Mel Gitler and Pat*

*Gitler*, Case No. CI 200004543-000 (Lucas Cty. Ct. of Comm. Pls.) (the "state enforcement action").

    In the state enforcement action, the state alleged that the plaintiff had failed to properly

operate and maintain the Peaceful Acres Mobile Home Park's drinking water system in accordance

with Ohio's safe drinking water law and associated rules and regulations.   The court entered

judgment in favor of the state in 2001.   It ordered the plaintiff to comply with Ohio's safe drinking

water law and imposed an $85,800.00 civil penalty.   (*See id.* at November 19, 2001 Judgment Entry.)

    In her complaint, the plaintiff challenges the Ohio EPA's determination, and the state

court's judgment, that she violated Ohio's drinking water law.   She contends the Ohio EPA

1

fraudulently determined that she violated the law, which she describes as an "absurd" and "void" statute.   (Doc. No. 1 at 14.)   In addition, she contends the state brainwashed "the ignorant judge" to rule against her in the state enforcement case.   (*Id.* at 13).   Based on general assertions of fraud, she seeks judgment against the defendants "[p]er Fed. Rule 59(b)" in the amount of $3,759,264.41. (*Id.* at 64, 65.)

The defendants have filed a motion to dismiss the plaintiff's complaint.   (Doc. No. 6.) They contend the complaint should be dismissed because the plaintiff is improperly attempting to appeal a state court judgment in federal court; her complaint fails to allege a plausible claim upon which relief can be granted; and federal subject-matter jurisdiction is lacking over the plaintiff's claims for monetary damages, which must be brought in the Ohio Court of Claims.

In the plaintiff's 43-page "Objection" to the defendants' motion (Doc. No. 7) she does not respond to any of the legal arguments the defendants make in support of their motion to dismiss. Instead, the plaintiff merely repeats her contentions that "the ignorant Ohio EPA and the ignorant Ohio judge fraudulently" determined that she violated Ohio's drinking water law (*id.* at 2) and purports to explain why their assessments were incorrect.

### Discussion

Upon review, I grant the defendants' motion to dismiss.

Under the *Rooker-Feldman* doctrine, federal courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."   *Givens v. Homecomings Financial*, 278 Fed. App'x 607, 609, 2008 WL 2121008, at * 1 (6th Cir. May 20, 2008), citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).   The *Rooker-Feldman* doctrine deprives a federal court from exercising jurisdiction "when the cause of the plaintiff's complaints is the state judgment itself."   *Id.*   The plaintiff's complaint on its face purports to challenge the judgment of the Lucas County Court of Common Pleas in the state

enforcement action.   Therefore, under *Rooker-Feldman,* I cannot exercise subject-matter jurisdiction over the plaintiff's claims to the extent she is seeking to challenge any portion of the state-court judgment.   *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of federal claims resting on premise that state foreclosure judgment was invalid).

Additionally, I cannot exercise subject-matter jurisdiction over the plaintiff's complaint to the extent she is seeking money damages against the defendants.   The Eleventh Amendment bars all suits against the state and its departments, and all suits for monetary relief against state officials acting in their official capacities.   *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993), citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100–01 (1984) and *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).   A federal court cannot entertain a lawsuit against a state agency or state officials for violations of state law unless the state has waived its immunity under the Eleventh Amendment.   *See, e.g., Freeman v. Michigan, Dep't of State*, 808 F.2d 1174, 1179–80 (6th Cir. 1987).   Ohio has not waived its Eleventh Amendment immunity from suits for money damages in federal court, and such actions may only be brought in the Ohio Court of Claims.   *See Turker v. Ohio Dept. of Rehab. and Corrections*, 157 F.3d 453, 457 (6th Cir. 1998). Therefore, I cannot exercise jurisdiction over the plaintiff's claims for money damages asserted against the Ohio EPA and state officials acting in their official capacities.

### Conclusion

For the foregoing reasons, I am granting the defendants' motion to dismiss the plaintiff's complaint.   I further certify that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge